Carolyn H. Cottrell (SBN 166977)
Ori Edelsten (SBN 261845)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA HONEY WALKER, on behalf of herself and the putative Class Members;<br><br>       Plaintiff,<br><br>vs.<br><br>NURSEFINDERS, LLC, AMN SERVICES, LLC. and DOES 1-100, inclusive;<br><br>       Defendants, | Case No. 3:22-cv-4084<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay for All Hours Worked (Labor Code § 204);<br>(2) Failure to Pay Minimum Wages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, 1197.1 and 1198);<br>(3) Failure to Pay Overtime Wages (Labor Code § 510);<br>(4) Failure to Provide or Make Available Meal Periods (Labor Code §§ 226.7 and 512);<br>(5) Failure to Authorize and Permit Rest Periods (Labor Code § 226.7);<br>(6) Failure to Reimburse Business Expenses (Labor Code §§ 2800 and 2802)<br>(7) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226 and 226.3);<br>(8) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);<br>(9) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff Latoya Honey Walker ("Plaintiff") brings this action on behalf of herself and other similarly situated individuals against NurseFinders, LLC ("NurseFinders") and AMN Services, LLC ("AMN") (collectively "Defendants") for violations of California wage and hour laws.

2.      This action stems from Defendants' policies and practices of: (1) failing to pay Plaintiff and putative Class Members minimum wage; (2) failing to pay Plaintiff and putative Class Members overtime wages; (3) failing to provide or make available to Plaintiff and putative Class Members the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (4) failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods; (5) failing to reimburse Plaintiff and putative Class Members for business expenses; (6) failing to provide Plaintiff and putative Class Members with accurate itemized wage statements; (7) failing to timely pay all wages due upon separation from employment; and (8) and engaging in unfair business practices.

3.      Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**PARTIES**

4.      Plaintiff Latoya Honey Walker is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California, county of Contra Costa.

5.      Plaintiff was employed by Defendants as a certified nursing assistant ("CNA") from August 6, 2019, to January 16, 2021. Plaintiff worked for Defendants in different facilities across California, including in Alameda, San Francisco, Los Angeles, La Habra, Anaheim, Santa Ana, San Jose, Santa Rosa, Santa Clara, Pleasanton, and San Leandro.

6.      NurseFinders is a healthcare employment agency which provides medical staff to facilities throughout the United States. NurseFinders is an AMN company. Plaintiff is informed, believes, and thereon alleges that NurseFinders is a Texas corporation. NurseFinders is registered

1   to do business in California, does business in California and employs and/or employed hourly, non-

2   exempt employees, including Plaintiff and putative Class Members in California. Plaintiff is

3   informed, believes, and thereon alleges that NurseFinders employs hundreds of hourly, non-exempt

4   workers similarly situated to Plaintiff in California. NurseFinders may be served with process by

5   serving its registered agent, Corporation Service Company which will do business in California as

6   CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento,

7   California, 95833.

8          7.      AMN is a healthcare staffing company that provides medical staff across medical

9   facilities throughout the United States. Plaintiff is informed, believes, and thereon alleges that AMN

10  is a North Carolina corporation headquartered in San Diego, California. AMN is registered to do

11  business in California, does business in California, and employs and/or employed hourly, non-

12  exempt employees, including Plaintiff and the putative Class Members in California. Plaintiff is

13  informed, believes, and thereon alleges that AMN employs hundreds of hourly, non-exempt

14  workers similarly situated to Plaintiff in California. AMN may be served with process by serving

15  its registered agent, Corporation Service Company which will do business in California as CSC –

16  Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California,

17  95833.

18         8.      Plaintiff is informed, believes, and thereon alleges that each and every one of the acts

19  and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as

20  agents and/or employees, and/or under the direction and control of the other, and that said acts and

21  failures to act were within the course and scope of said agency, employment and/or direction and

22  control.

23         9.      Plaintiff is informed, believes, and thereon alleges, that each and all of the acts and

24  omissions alleged herein were performed by, or are attributable to, Defendants, acting as the agent

25  or alter ego for the other, with legal authority to act on the other's behalf. Plaintiff is informed,

26  believes, and thereon alleges, the acts of any and all Defendants were in accordance with, and

27  represent, the official policy of Defendants.

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

10.    Plaintiff is informed, believes, and thereon alleges that at all relevant times, Defendants, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

11.    Plaintiff is informed, believes, and thereon alleges, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

12.    Plaintiff is informed, believes, and thereon alleges that at all material times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed putative Class Members in this District and elsewhere throughout California. Defendants are "persons" as defined in Labor Code § 18 and an "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

**JURISDICTION AND VENUE**

13.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the putative Class members exceed the sum of $5,000,000, exclusive of interests and costs, and this is a class action in which at least one member of the putative Class, on one hand, and Defendants, on the other, are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

## FACTUAL ALLEGATIONS

15.     Plaintiff worked for Defendants as a CNA in California in facilities in Alameda, San Francisco, Los Angeles, La Habra, Anaheim, Santa Ana, San Jose, Santa Rosa, Santa Clara, Pleasanton, and San Leandro from August 6, 2019, to January 16, 2021. Plaintiff was classified as an hourly, non-exempt employee and was paid an hourly rate of $19.00. This hourly rate could vary based on the location Plaintiff was assigned to and ranged from $19 to $32, but was most commonly $19 or $21.

16.     Plaintiff is informed, believes, and thereon alleges that Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to CNAs, registered nurses, certified surgical technicians, medical assistants, certified occupational therapist assistants, and other employees with similar job duties.

17.     Although Plaintiff's shifts varied in length, Plaintiff usually worked between eight (8) to twelve (12) hours or more per shift, and up to seven (7) shifts per week. Plaintiff's weekly hours varied, but on average, Plaintiff worked approximately sixty (60) to seventy (70) hours per week, or more. Such time is exclusive of all time worked off-the-clock, as alleged herein.

18.     Defendants routinely require Plaintiff and putative Class Members to perform work off-the-clock without compensation. This includes but is not limited to Defendants requiring Plaintiff and putative Class Members to change into an isolation suit and undergo a COVID-19 temperature check prior to clocking in for the start of their shift. It takes Plaintiff and putative Class Members up to thirty minutes to go through the line, change into their isolation suit, and undergo such temperature checks. This time spent working over eight hours goes unrecorded and therefore uncompensated.

19.     Further, Defendants require Plaintiff and putative Class Members to clock out for thirty-minute meal periods but requires them to remain on-duty and subject to interruption during these meal breaks.  Plaintiff and putative Class Members are required to be available to assist patients or answer questions regarding patients during their breaks.  At least two times a week, Plaintiff and putative Class Members' meal periods are interrupted.  These interruptions typically last ten to fifteen minutes. During these interruptions, Plaintiff and putative Class Members assisted

1  patients or answered questions regarding patients. Defendants do not compensate these employees
2  for this work performed while clocked out for meal periods.

3      20.    As a result of these policies and/or practices, Plaintiff and putative Class Members
4  are denied compensation for overtime, which they are lawfully owed resulting from the off-the-
5  clock work in excess of eight (8) hours per day and forty (40) hours per week.

6      21.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply
7  these unpaid, on-duty meal break protocols, policies, and practices across all Defendants' locations
8  throughout California.

9      22.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same
10 or substantially similar timekeeping mechanisms throughout all its locations in California.

11     23.    In addition to the above, Defendants regularly fail to provide Plaintiff and putative
12 Class Members with compliant meal and rest breaks, yet do not provide them with requisite
13 premium payments for missed meal and rest breaks. In the rare occasions when premium payments
14 are made, such are not paid at Plaintiff's and putative Class Members' regular rate of pay.

15     24.    By requiring Plaintiff and putative Class Members to remain on-duty and subject to
16 interruption in order to assist with patients during their off-the-clock meal breaks, Defendants also
17 routinely deny Plaintiff and putative Class Members legally compliant meal breaks. In addition,
18 Plaintiff and putative Class Members often miss their meal breaks entirely because Defendants fail
19 to provide sufficient staffing to allow Plaintiff and putative Class Members to take their meal
20 breaks. When Plaintiff and putative Class Members do attempt to take a meal break, such meal
21 breaks are often untimely and/or shortened. As a result, Plaintiff and putative Class Members are
22 not provided duty-free, uninterrupted, and timely thirty-minute meal periods during which they
23 should be completely relieved of any duty.

24     25.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply
25 these meal break policies and practices across all Defendants' facilities throughout California.

26     26.    Plaintiff and putative Class Members are similarly denied legally authorized rest
27 breaks. Plaintiff and putative Class Members remain on-duty because Defendants fail to provide
28 sufficient staffing to allow Plaintiff and putative Class Members to take their rest breaks. In

addition, when Plaintiff and putative Class Members manage to take a rest break, they are required to remain on duty and available to assist with patients during those breaks.

27.    When Plaintiff and putative Class Members do attempt to take a rest break, such rest breaks are untimely and/or shortened. As a result, Plaintiff and putative Class Members are not provided duty-free, uninterrupted, and timely ten-minute rest breaks during which they should be completely relieved of any duty.

28.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these rest break policies and practices across all Defendants' facilities throughout California.

29.    Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain accurate records of the hours worked by Plaintiff and putative Class Members.

30.    Defendants fail to provide Plaintiff and putative Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiff and putative Class Members in direct consequence of the discharge of their duties, or as a result of their obedience to the directions of Defendants. Defendants required Plaintiff and putative Class Members to provide their own cellphone in order to clock in and out, provide their own scrubs, and to launder these scrubs at home. Defendants did not reimburse Plaintiff and putative Class Members for such expenses.

31.    As a result of the aforementioned violations, Plaintiff and putative Class Members are provided with untrue and inaccurate wage statements as such statements do not include all hours worked, including minimum wages and overtime, and premium pay for missed meal and rest breaks

32.    Additionally, Plaintiff and putative Class Members did not receive all wages during employment and following separation from employment, including payment for hours spent undergoing temperature checks and donning isolation suits and during meal periods, as well as premium payments for noncompliant meal breaks, and rest breaks.

33.    Putative Class Members are employed by Defendants and performed work materially similar to Plaintiff.

34.    On information and belief, putative Class Members report to locations owned, operated, or managed by Defendants to perform their jobs.

35.    On information and belief, putative Class Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

36.    On information and belief, putative Class Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

37.    On information and belief, at the end of each pay period, putative Class Members receive wages from Defendants that are determined by common systems and methods that Defendants selects and controls.

38.    On information and belief, Defendants pay putative Class Members on an hourly rate basis, in addition to tips biweekly.

39.    On information and belief, Defendants' method of paying Plaintiff and putative Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

40.    On information and belief, Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' California facilities.

41.    Defendants know or should know that its policies and practices are unlawful and unfair.

42.    Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## CLASS ACTION ALLEGATIONS

43.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

44.    Plaintiff brings this case as a class action on behalf of herself and all others similarly situated pursuant to Federal Rules of Civil Procedure Rule 23.  The putative Class that Plaintiff seeks to represent are defined as follows:

> **All current and former hourly, non-exempt employees of NurseFinders, LLC and/or AMN Services, LLC in California during the time period starting four years prior to the filing of this Complaint until the resolution of this action ("the putative Class").**

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

45.    This action has been brought and may properly be maintained as a class action under FRCP Rule 23 because there is a well-defined community of interest in the litigation and the putative class and subclass are ascertainable.

a.    **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiff is informed and believes that the number of putative Class Members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the putative Class as a plaintiff in this action is impracticable. Furthermore, the identities of the putative Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the putative and Defendants.

b.    **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include, but are not limited to:

i.    Whether Defendants fail to compensate putative Class Members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Order 4;

ii.    Whether Defendants have a policy and/or practice of requiring putative Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii.    Whether Defendants fail to authorize and permit, make available, and/or provide putative Class Members with compliant meal periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 4;

iv.    Whether Defendants fail to authorize and permit, make available, and/or

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

provide putative Class Members with compliant rest periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 4;

v.  Whether Defendants fail to fully reimburse Class Members with all necessary business expenses incurred for the benefit of Defendants, in violation of the Labor Code;

vi.  Whether Defendants fail to provide putative Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders 4;

vii.  Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:

(a)  failing to compensate putative Class Members for all hours worked, including at minimum wages and overtime compensation;

(b)  failing to authorize and permit, make available, and/or provide putative Class Members with compliant meal and rest periods to which they are entitled;

(c)  failing to fully reimburse Plaintiff and putative Class Members for all necessary business expenses made for the benefit of Defendants;

(d)  failing to provide putative Class Members with timely, accurate itemized wage statements; and

(e)  failing to provide putative Class Members with all wages owed upon separation from employment.

viii.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class as alleged herein.

c.  **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class Members to sustain the same or similar

injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Putative Class.

d.     **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class Members, and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the putative Class Members.

e.     **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class. Each putative Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

46.     The putative Class may also be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Class, and, in turn, would establish incompatible standards of conduct for Defendants.

47.     If each individual putative Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the putative Class with Defendants' vastly superior financial legal resources.

48.     Requiring each individual putative Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the putative Class Members who would be

1   disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear

2   of retaliation and permanent damage to their lives, careers, and well-being.

3       49.     Plaintiff also seeks certification of the putative Class to the extent applicable under

4   FRCP Rule 23 on the grounds that the party opposing the putative Class has acted or refused to act

5   on grounds that apply generally to the putative Class, so that final injunctive relief or corresponding

6   declaratory relief is appropriate respecting the putative Class as a whole.

7                         **FIRST CAUSE OF ACTION**

8                    **Failure to Pay for All Hours Worked**
                **Pursuant to Labor Code §§ 200, 204, 1194, and 1198**
9            **(On Behalf of Plaintiff and Putative Class Against All Defendants)**

10      50.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

11  herein.

12      51.     Plaintiff alleges that Defendants willfully engaged and continue to engage in a policy

13  and practice of not compensating Plaintiff and putative Class members for all hours worked or spent

14  in Defendants' control.

15      52.     Defendants regularly require Plaintiff and putative Class members to perform

16  uncompensated off-the-clock work. Detailed above, Defendants require Plaintiff and putative Class

17  members to clock out for meal breaks but then require, suffer, and/or permit them to work through

18  these meal breaks.

19      53.     Labor Code § 200(a) defines wages as "all amounts for labor performed by

20  employees of every description, whether the amount is fixed or ascertained by the standard of time,

21  task, piece, commission basis or other method of calculation."

22      54.     Labor Code § 204 provides that employers must compensate employees for all hours

23  worked "twice during each calendar month, on days designated in advance by the employer as the

24  regular paydays."

25      55.     Labor Code § 1194(a) provides as follows:

26              Notwithstanding any agreement to work for a lesser wage, any
                employee receiving less than the legal minimum wage or the legal
27              overtime compensation applicable to the employee is entitled to recover
                in a civil action the unpaid balance of the full amount of this minimum

28

1    wage or overtime compensation, including interest thereon, reasonable
2    attorneys' fees, and costs of suit.

3    56.    Labor Code § 1198 makes it unlawful for employers to employ employees under

4    conditions that violate the Wage Orders.

5    57.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an

6    employee is subject to the control of an employer, and includes all the time the employee is suffered

7    or permitted to work, whether or not required to do so."

8    58.    In violation of California law, Defendants knowingly and willfully refuse to perform

9    its obligation to provide Plaintiff and putative Class members with compensation for all time

10   worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein

11   knowingly and willfully, and in conscious disregard of Plaintiff's and putative Class members'

12   rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and

13   compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

14   59.    As a proximate result of the aforementioned violations, Plaintiff and putative Class

15   members have been damaged in an amount according to proof at time of trial.

16   60.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

17   ## SECOND CAUSE OF ACTION

18   **Failure to Pay Minimum Wages**
     **Pursuant to California Labor Code §§ 1182.12, 1194, 1197, 1197.1 and 1198**
19   **(On Behalf of Plaintiff and Putative Class Against All Defendants)**

20   61.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

21   herein.

22   62.    During the applicable statutory period, California Labor Code §§, 1182.12 and 1197,

23   and the IWC Wage Order No. 4-2001 (4) were in full force and effect, and required that Defendants'

24   hourly employees receive the minimum wage for all hours worked irrespective of whether

25   nominally paid on a piece rate, or any other basis,; at the rate of eleven dollars ($11.00) per hour

26   commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January

27   1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of

28   fourteen dollars ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00)

commencing January 1, 2022.

63.    Labor Code § 1197.1 provides, in relevant part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

64.    California Labor Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

65.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

66.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

67.    Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

1    unlawfully unpaid and interest thereon.

2        68.    Defendants willfully engaged in and continue to engage in a policy and practice of

3    not compensating Plaintiff and putative Class Members at the California minimum wage.

4        69.    Defendants willfully engaged in and continue to engage in a policy and practice of

5    not compensating Plaintiff and putative Class Members for all hours worked or spent in Defendants'

6    control. Defendants routinely require Plaintiff and putative Class Members to perform work off-

7    the-clock without compensation. This includes but is not limited to Defendants requiring Plaintiff

8    and putative Class Members to change into an isolation suit and undergo a COVID-19 temperature

9    prior to clocking in for the start of their shift. It takes Plaintiff and putative Class Members up to

10   thirty minutes to go through the line, change into their isolation suit, and undergo such temperature

11   checks. This time spent working over eight hours goes unrecorded and therefore uncompensated.

12       70.    Further, Defendants require Plaintiff and putative Class Members to clock out for

13   thirty-minute meal periods but interrupt these meal breaks for ten to fifteen minutes at least two

14   times a week. During these interruptions Plaintiff and putative Class Members assisted patients or

15   answered questions regarding patients.  Defendants do not compensate these employees for this

16   work performed while clocked out for meal periods.

17       71.    As a result, Defendants fail to track Plaintiff and putative Class Members' actual

18   hours worked, and consequently fail to pay Plaintiff and putative Class Members for all hours

19   worked.  In violation of California law, Defendants knowingly and willfully refuse to perform their

20   obligations to provide Plaintiff and putative Class Members with compensation for all time worked.

21       72.    Therefore, Defendants committed, and continue to commit, the acts alleged herein

22   knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class Members'

23   rights. Plaintiff and putative Class Members are thus entitled to recover nominal, actual, and

24   compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

25       73.    Defendants have maintained policies and procedures which create a working

26   environment where hourly employees are routinely compensated at a rate that is less than the

27   statutory minimum wage.

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

74. As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

75. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**
**Pursuant to Labor Code §§ 510, 1194, & 1198**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

76. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77. Defendants do not compensate Plaintiff and putative Class Members with the appropriate overtime rate, as required by California law.

78. Labor Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

79. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

80. The IWC Wage Order 4-2001(3)(A)(1) states:
> The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less

15
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

81.    Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

82.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

83.    Defendants regularly do not compensate Plaintiff and putative Class Members for their overtime hours. For instance, Plaintiff and putative Class Members do not receive overtime compensation for time spent working during their meal breaks while they are off-the-clock, when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

84.    Further, Defendants pay Plaintiff and putative Class Members below the California minimum wage therefore unlawfully paying them a rate of overtime based on a regular rate of compensation lower than the California minimum wage.

85.    Plaintiff and putative Class Members work overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Order, and other applicable law.

86.    Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and putative Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and putative Class Members in amounts to be determined according to proof at time of trial.

87.    Defendants are liable to Plaintiff and putative Class Members alleged herein for the

1   unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an

2   award of attorneys' fees and costs as set forth below.

3       88.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**

4

5   **Failure to Provide or Make Available Meal Periods**
**Pursuant to Labor Code §§ 226.7 and 512**

6   **(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

7       89.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

8   herein.

9       90.     Defendants routinely fail to provide or make available complaint meal periods to

10  Plaintiff and putative Class Members.

11      91.     Plaintiff's and putative Class Members' schedules regularly prevent them from

12  taking first meal periods, and, when applicable second meal periods throughout the day. Plaintiff

13  and putative Class Members do not receive the requisite premium pay for their missed meal breaks

14  as required by California law.

15      92.     Labor Code §§ 226.7 and 512 and the applicable Wage Order require Defendants to

16  provide or make available meal periods to its employees.  Labor Code §§ 226.7 and 512 and the

17  Wage Orders prohibit employers from employing an employee for more than five (5) hours without

18  a meal period of not less than thirty minutes, and from employing an employee more than ten (10)

19  hours per day without providing the employee with a second meal period of not less than thirty

20  minutes.

21      93.     Unless the employee is relieved of all duty during the thirty-minute meal period, the

22  employee is considered "on duty" and the meal period is counted as time worked under the

23  applicable Wage Order 4-2001(11)(A).

24      94.     Under Labor Code § 226.7(b) and the applicable Wage Order, an employer who fails

25  to provide or make available a required meal period must, as compensation, pay the employee one

26  (1) hour of pay at the employee's regular rate of compensation for each workday that the meal

27  period was not provided or made available.

28

95.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide or make available to Plaintiff and putative Class Members the ability to take the off-duty meal periods to which they are entitled.

96.    Defendants have also failed to pay Plaintiff and putative Class Members one (1) hour of pay for each day an off-duty meal period was denied.  Defendants' conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class Members are entitled to compensation for the failure to provide or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

97.    As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

98.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods
### Pursuant to Labor Code §§ 226.7
### (On Behalf of Plaintiff and Putative Class Against All Defendants)

99.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

100.    Defendants routinely fail to authorize and permit rest periods to Plaintiff and putative Class Members.

101.    Cal. Lab. Code §226.7 and the applicable Wage Orders require employers to authorize and permit employees to take ten (10) minutes of net rest time per (4) four hours or major fraction thereof of work, and to pay employees their full wage during those rest periods.

102.    Under Labor Code § 226.7(b) and IWC Wage Order 4-2001(12)(B), an employer who fails to provide or make available a required rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided or made available.

103.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide or make available to Plaintiff and putative Class Members the ability to take the off-duty rest periods to which they are entitled.

104.    Defendants have also failed to pay Plaintiff and putative Class Members one (1) hour of pay for each day an off-duty rest period was denied. Defendants' conduct described herein violations Labor Code § 226.7. Therefore, pursuant to Labor Code § 226.7(b), plaintiff and putative Class Members are entitled to compensation for the failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses and costs of suit.

105.    As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

**Failure to Reimburse for Necessary Business Expenses**
**Pursuant to Labor Code § 2802**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

106.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

107.    Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

108.    Defendants require Plaintiff and putative Class Members to use their own phones to clock in and out, provide their own scrubs, and to launder their scrubs on their own. Defendants do not reimburse Plaintiff and putative Class Members for such expenses.

109.    As a proximate result of the aforementioned violation, Plaintiff and the putative Class Members have been damaged in an amount according to proof at time of trial. Plaintiff and the putative Class Members are also entitled to recover penalties, interest, attorneys' fees, expenses, costs of suit, and/or other relief pursuant to statute. Wherefore, Plaintiff and the putative Class Members request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code §§ 226, and 226.3**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

110.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

111.    Defendants do not provide Plaintiff and putative Class Members with accurate itemized wage statements as required by California law.

112.    Labor Code § 226(a) provides that:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

113.    The IWC Wage Orders also establish this requirement. (*See* IWC Wage Order 4-2001(7).)

114.    Labor Code § 226.3 provides, in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one

thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

115.    Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

116.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class Members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  The wage statements Defendants provide their employees, including Plaintiff and putative Class Members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime, as a result of the failure to pay for time worked off-the-clock and the resulting violations described herein. In addition, the wage statements Defendants provide do not include premium pay for missed rest periods, and/or meal periods.

117.    Defendants are liable to Plaintiff and the putative Class Members for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

118.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

**Waiting Time Penalties**
**Pursuant to Cal. Lab. Code §§ 201-203**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

119.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

120.    Defendants do not provide putative Class Members with their wages when due under California law after their employment with Defendants ends.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

121.    Cal. Lab. Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

122.    Cal. Lab. Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

123.    Cal. Lab. Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

124.    Plaintiff and some of the putative Class Members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants off-the-clock, working for the benefit of Defendants while being paid less than minimum wage, and during missed or interrupted meal periods, and/or missed rest periods.

125.    Defendants willfully refuse and continue to refuse to pay Plaintiff and putative Class Members all the wages that are due and owing to them for the work performed and the resulting premium payments for missed or interrupted meal periods, and/or missed rest periods, upon the end of their employment.  As a result of Defendants' actions, Plaintiff and putative Class Members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

126.    Defendants' willful failure to pay Plaintiff and putative Class Members the wages due and owing them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed putative Class Members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

127.    In addition, addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class Members are entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

128.     Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

### NINTH CAUSE OF ACTION

**Unfair Business Practices**
**Pursuant to California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

129.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

130.     The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

131.     Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

132.     Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

133.     Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.   violations of Labor Code §§ 1182.11 1182.12, 1194, 1197, 1197.1, 1198, and IWC Wage Order 4-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b.   violations of Labor Code § 510 and IWC Wage Order 4-2001 pertaining to overtime;

    c.   violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 4-2001 pertaining to meal breaks;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

d.   violations of Cal. Lab. Code §§ 226.7 and Wage Order 4-2001 pertaining to rest breaks;

e.   violations of Labor Code § 2802 pertaining to reimbursement of business expenditures;

f.   violations of Labor Code §§ 226, and 226.3 regarding accurate, timely itemized wage statements; and

g.   violations of Cal. Lab. Code §§ 201-203 pertaining to payment of all wages owed during employment and following separation from employment.

134.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

135.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the putative Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

136.   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

137.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

138.   Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and putative Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees

during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and putative Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

139.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

140.    There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

141.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.    Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

b.    For a declaratory judgment that Defendants have violated the California Labor Code, California law, and public policy as alleged herein;

c.    For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code;

d.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

e.    For an order awarding Plaintiff and putative Class Members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, treble damages, punitive damages, and all other sums of money owed to Plaintiff and putative Class Members, together with interest on these amounts, according to proof;

1   f.  For an award of reasonable attorneys' fees as provided by the California Labor Code,

2      including California Code of Civil Procedure § 1021.5 and/or other applicable law;

3   g.  For all costs of suit;

4   h.  For interest as provided by applicable law; and

5   i.  For such other and further relief as this Court deems just and proper.

6

7

8 Dated: July 12, 2022     Respectfully submitted,

9

10          */s/ Carolyn H. Cottrell*_____

           Carolyn H. Cottrell

11          Ori Edelsten

           Michelle S. Lim

12          SCHNEIDER WALLACE

           COTTRELL KONECKY LLP

13

14          *Attorneys for Plaintiff and the Putative Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Latoya Honey Waler v. NurseFinders, LLC and AMN Services, LLC*

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3   a jury.

4

5   Dated: July 12, 2022                    Respectfully submitted,

6                                           */s/ Carolyn H. Cottrell*_____

7                                           Carolyn H. Cottrell
                                            Ori Edelsten

8                                           Michelle S. Lim
                                            SCHNEIDER WALLACE

9                                           COTTRELL KONECKY LLP

10                                          *Attorneys for Plaintiff and the Putative Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28