UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATOYA HONEY WALKER, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>NURSEFINDERS, LLC; AMN SERVICES, LLC; and DOES 1–100, inclusive.<br><br>Defendants. | Case No. 3:22-CV-04084-AGT<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

**ORDER**

The Motion for Final Approval of the Class Action and PAGA Settlement ("Motion") filed by Plaintiff LaToya Honey Walker was heard before the Honorable Alex G. Tse on August 16, 2024. Defendant did not oppose the Motion.

In her Complaint, Plaintiff alleged that Defendant violated the wage-and-hour laws of California by failing to pay for all hours worked, in violation of Cal. Lab. Code § 204; failed to pay all minimum and overtime wages owed, in violation of Cal. Lab. Code §§ 510, 1182.12, 1194, 1197, 1197.1, and 1198; failed to provide legally compliant meal and rest periods, in violation of Cal. Lab. Code §§ 226.7 and 512; failed to reimburse business expenses, in violation of Cal. Lab. Code § 2802; failed to provide accurate, itemized wage statements, in violation of Cal. Lab. Code §§ 226 and 226.3; failed to timely pay all wages due upon separation from employment, in violation of Cal. Lab. Code §§ 201–03; and engaged in unlawful business practices, in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* Plaintiff also sought PAGA penalties based on the above violations pursuant to Cal. Lab. Code §§ 2699(a) and 2699(f).

Specifically, Plaintiff alleged that Defendant routinely required Plaintiff, Class Members, and Aggrieved Employees to change into isolation suits and undergo COVID-19 temperature checks without pay, before clocking in for the start of their shifts, and required Plaintiff, Class Members, and Aggrieved Employees to clock out for 30-minute meal periods during which they were on-duty and subject to interruption. Plaintiff further alleged that Defendant did not provide her, Class Members, and Aggrieved Employees with duty-free rest breaks, as such breaks, if taken at all, were routinely interrupted, shortened, or both. Plaintiff further alleged that Defendant required her, Class Members, and Aggrieved Employees to use their own cellphones to clock in and out, to provide their own scrubs, and to launder the scrubs at home, all without reimbursement.

After informal discovery and investigation by Plaintiff's counsel, the parties participated in a full-day mediation session presided over by Steve Pearl, Esq., an experienced mediator of wage-and-hour class actions. As a result of that mediation, on January 19, 2024, the parties reached a global settlement that resolved all claims in this action as to the 3,139 Participating Class Members and 2,327 Aggrieved Employees, where 439 are Aggrieved Employees only and not Participating Class

2

ORDER GRANTING MOTION FOR FINAL APPROVAL OF
CLASS ACTION AND PAGA SETTLEMENT
*Walker v. Nursefinders, LLC*, No. 3:22-cv-04084-AGT

1  Members. The parties then extensively negotiated, drafted, and executed the Class Action and PAGA
2  Settlement Agreement and Release ("Settlement") filed in the record at ECF No. 49-2.

3        Plaintiff filed an unopposed Motion for Preliminary Approval of the Class Action and PAGA
4  Settlement on January 26, 2024. ECF No. 49. The Court granted the motion on March 4, 2024. ECF
5  No. 51. Before the Court is the last stage of the settlement approval process: final approval of the
6  Settlement.

7        At the final approval hearing, on August 16, 2024, Schneider Wallace Cottrell Konecky LLP
8  ("SWCK") appeared for the Plaintiff, Class, and Aggrieved Employees, and Akerman LLP appeared
9  on behalf of Defendant.

10       Having reviewed the papers and documents presented, having heard the statements of counsel,
11 having considered the matter, and based on the reasons and findings stated on the record at the hearing,
12 the Court **HEREBY ORDERS** as follows:

13       1.    The Court has jurisdiction over the claims of the Participating Class Members and
14 Aggrieved Employees asserted in this proceeding and over all parties to the action.

15       2.    The Court finds that one Class Member has objected to the Settlement and two Class
16 Members have requested exclusion from the Settlement. The Class Member who objected wants to
17 obtain the full measure of damages she allegedly suffered, rather than her share of the Settlement. The
18 Settlement reflects a fair and reasonable negotiated compromise. It was reached after a full-day
19 mediation with an experienced mediator and avoids the substantial costs, delays, and risks that would
20 be associated with more litigation. Only a small fraction of the Class opted out, indicating widespread
21 support for the Settlement. The Court overrules the objection.

22       3.    The Court hereby **GRANTS** final approval of the terms and conditions contained in
23 the Settlement, as to the Participating Class Members and Aggrieved Employees. The Court finds the
24 terms of the Settlement to be within the range of permissible approval, under Federal Rule of Civil
25 Procedure 23 and applicable law.

26       4.    The Court finds that: (1) the settlement amount is fair and reasonable when balanced
27 against the probable outcome of further litigation relating to class certification, liability, and damages
28 issues; (2) significant discovery, investigation, research, and litigation have been conducted such that

counsel for the parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the parties. Accordingly, the Court finds the Settlement was entered into in good faith.

5. The Court hereby makes final its preliminary certification of the Class, in accordance with the Settlement, for the purposes of this Settlement only. The Class is defined as all current and former hourly, non-exempt employees who worked for Defendant in the state of California, excluding those individuals who signed an arbitration agreement, during the period between July 12, 2018, and March 4, 2024. Two individuals, Nicole Natasha Mantez, and Alexander J. Zimmermann, properly opted out of the Settlement and are not part of the Class. ECF 54-3.

6. The Aggrieved Employees are defined as all individuals who worked as non-exempt employees for Defendant in the State of California at any time between July 12, 2021, and March 4, 2024.

7. The Court hereby finally appoints Schneider Wallace Cottrell Konecky LLP as Class Counsel and Plaintiff LaToya Honey Walker as Class Representative.

8. Class Counsel's fee request of $1,500,000.00 represents thirty percent (30%) of the Gross Settlement Amount, which the Court finds reasonable under applicable law and in light of the contingent risk, the factual and legal risks, the complex nature of the case, and the excellent result for the Class and the Aggrieved Employees.

9. The Court **GRANTS** the requested attorneys' fees award of thirty percent of the Gross Settlement Amount, or $1,500,000.00, to Class Counsel.

10. Class Counsel are entitled to recover the out-of-pocket costs and litigation expenses they reasonably incurred in investigating, prosecuting, and settling this case. The Court finds that Class Counsel's out-of-pocket costs and expenses of $8,990.63 are documented and were reasonable and necessary to prosecute this action in light of the complex nature of the case, the vigorousness of Defendant's legal defense, the amount of documentary evidence, and the mediation and arm's length negotiations necessary to achieve the Settlement.

11. The Court **GRANTS** reimbursement of litigation costs in the amount of $8,990.63 to Class Counsel.

12. The Court **GRANTS** the requested service award of $10,000.00 to Plaintiff LaToya Honey Walker for the efforts and risk she undertook on behalf of the Class.

13. The Court finds the approved Notice of Class Action Settlement ("Settlement Notice") (ECF No. 49-2, Ex. A) constituted the best notice practicable under the circumstances and was in full compliance with the applicable laws and the requirements of due process. The Court further finds the Settlement Notice fully and accurately informed the Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A full opportunity was afforded to the Class Members to participate in the fairness hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not submit a request for exclusion are bound by this Final Approval Order and Judgment.

14. The Court confirms the appointment of Phoenix Class Action Administration Solutions ("Phoenix") as Settlement Administrator and approves its reasonable administration costs of $26,750.00, which are to be paid from the Gross Settlement Amount.

15. Accordingly, **GOOD CAUSE APPEARING**, the Court hereby **APPROVES** the following implementation schedule.

| Event | Deadline |
| --- | --- |
| Final Approval Hearing (Settlement ¶ 24). | August 16, 2024. |
| Effective Date (Settlement ¶ 2(l)). | (i) If there is an objection to the settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if there is a timely objection and appeal, then after such appeal is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there are no timely objections to the settlement, or if any objections which were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement. |

| Event | Deadline |
|---|---|
|  | Since there is one objection to the settlement agreement, the Effective Date will be thirty days after entry of judgment unless that objection is withdrawn before entry of this Order. |
| Deadline for Defendant to deposit Gross Settlement Amount (Settlement ¶ 26). | Within ten (10) days of Effective Date. |
| Deadline for Administrator to make all payments due under the Settlement (Settlement ¶¶ 27, 37). | Within thirty (30) days after the Effective Date or as soon as reasonably practicable. |
| Deadline for Administrator to provide Defendant's Counsel and Class Counsel, respectively, a report regarding the total amount of any funds that remain from checks that are returned as undeliverable or are not negotiated (Settlement ¶¶ 19(l), 25). | Within ten (10) business days after conclusion of the 180-day check-cashing period. |
| Deadline for Administrator to provide written certification of completion of settlement administration (Settlement ¶ 19(l)). | Upon completion of administration of the Settlement. |

16. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are barred as of the Effective Date.

17. The Court permanently enjoins all of the Participating Class Members and Aggrieved Employees, as applicable, from pursuing, or seeking to reopen, any Released Claims (as defined in the Settlement at Paragraph 16) against Defendant or any of the Released Parties (as defined in the Settlement at Paragraph 2(dd)) as of the Effective Date.

18. The Court dismisses the above-captioned Action with prejudice and **HEREBY ENTERS JUDGMENT** consistent with the Settlement and this Order to so dismiss the Action. Accordingly, The Court **HEREBY ORDERS, ADJUDGES, AND DECREES** that all Participating Class Members and all Aggrieved Employees, as applicable, are permanently enjoined and barred from prosecuting against any Released Claims (as defined in the Settlement at Paragraph 16) against

1  Defendant or any of the Released Parties (as defined in the Settlement at Paragraph 2(dd)) as of the
2  Effective Date.
3      19.    The Court shall retain jurisdiction to enforce the terms of the Settlement.
4      **IT IS SO ORDERED.**

Date: August 27, 2024

_____
Hon. Alex G. Tse
UNITED STATES MAGISTRATE JUDGE